IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ROBERTO BAEZ,

      Plaintiff,

v.

ROY SABINE; FNU SMITH; and FNU TOLBERT,

      Defendants.

CIVIL ACTION NO.: 6:16-cv-170

### ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Georgia State Prison in Reidsville, Georgia, filed this action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Along with his Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis*. (Doc. 2.) The Court **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis*. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(g) **without prejudice** and **DIRECT** the Clerk of Court to **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis* status on appeal.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. Jan. 8, 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be *sua sponte* dismissed). This R&R constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the district judge will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL

**BACKGROUND**

Plaintiff contends that he suffers from a number of medical conditions that cause him to suffer chronic pain. (Doc. 1, pp. 11–12.) Plaintiff contends that, prior to his arrival at Georgia State Prison, he received pain medication in tablet form, which was "97 percent effective" at alleviating his pain. (Id. at p. 13.) However, upon his arrival at Georgia State Prison, Plaintiff received his medication in the form of a white powder. (Id.) Plaintiff avers that, because he refused to take his medication in powder form, Defendants have denied him access to necessary pain medication. (Id. at pp. 13, 15.) Plaintiff further avers that Defendant Tolbert changed his Zantac prescription to Prilosec and prescribed Tylenol 3, which has been insufficient to manage his pain. (Id. at p. 16.) Through this lawsuit, Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief. (Id. at pp. 24–27.)

**STANDARD OF REVIEW**

Plaintiff has brought this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is

---

5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's R&R constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010).  Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.      Dismissal Under Section 1915(g)**

A prisoner such as Plaintiff attempting to proceed *in forma pauperis* in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"). Pertinently, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit Court of Appeals has explained that "[t]his provision of the PLRA, 'commonly known as the 'three strikes' provision,' requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin,

144 F.3d 719, 723 (11th Cir. 1998) (quoting Lyon v. Krol, 127 F.3d 763, 764 (8th Cir. 1997)).[2] Dismissals for providing false filing-history information and failing to comply with court orders both fall under the category of "abuse of the judicial process", which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under Section 1915(g). See id. at 731 (dismissal for failure to disclose prior litigation is "precisely the type of strike that Congress envisioned when drafting section 1915(g)"); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process").

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the "three strikes" provision in § 1915(g) must pay the entire filing fee[3] when he initiates suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

A review of Plaintiff's history of filings reveals that he has brought more than three civil actions or appeals which count as strikes under Section 1915(g): 1) Baez v. Gearinger, No. 5:00-cv-00023 (M.D. Ga. Mar. 21, 2000), ECF No. 4 (dismissing complaint as frivolous); 2) Baez v. Doe, No. 5:99-cv-00353 (M.D. Ga. Nov. 4, 1999), ECF No. 5 (dismissing action as frivolous);

---

[2] The Eleventh Circuit upheld the constitutionality of Section 1915(g) in Rivera. In so doing, the Court concluded that Section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721–27.

[3] The applicable filing fee is $400.00. "The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. A prisoner who is denied *in forma pauperis* status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed." Callaway v. Cumberland Cty. Sheriff Dep't, No. CIV. 14-4853 NLH, 2015 WL 2371614, at *1 (D.N.J. May 18, 2015); see also Owens v. Sec'y Fla. Dep't of Corr., Case No.: 3:15cv272/MCR/EMT, 2015 WL 5003649 (N.D. Fla. Aug. 21, 2015) (noting that the filing fee applied to cases in which a prisoner-plaintiff is denied *in forma pauperis* status is $400.00).

3) Baez v. Miller, et al., 1:06-cv-01738 (N.D. Ga. Sept. 20, 2007), ECF No. 36 (dismissing action as frivolous for failure to state a claim); 4) Baez v. Lee, 1:90-cv-01942 (N.D. Ga. Nov. 20, 1990), ECF No. 3 (dismissing complaint as frivolous); 5) Baez v. Lee, 1:94-cv-01347 (N.D. Ga. Dec. 6, 1995), ECF No. 6 (same); 6) Baez v. Forrester, 1:98-cv-02126 (N.D. Ga. Nov. 6, 1998), ECF No. 8 (dismissal for failure to follow court order);[4] and 7) Baez v. Jackson, et. al, 6:16-cv-5 (S.D. Ga. Apr. 18, 2016), ECF No. 8 (dismissal for failure to disclose litigation history and failure to allege imminent danger of serious physical injury concerning manner in which plaintiff is given pain medication).

Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under Section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g). "In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" Odum v. Bryan Cty. Judicial Circuit, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (quoting Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004))). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the Section 1915(g) exception. Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, No. 06-0496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing

---

[4] While this cause of action was dismissed based on Plaintiff's failure to follow the orders of a court, the Eleventh Circuit has considered cases dismissed for this reason (or those representing an abuse of the judicial process) to be "strike-worthy". See Rivera, 144 F.3d at 731; Malautea, 987 F.2d at 1544. Even if the Court were to exclude this cause of action, Plaintiff has at least three strikes based on dismissals of other causes of action.

Muhammad v. McDonough, No. CV306-527-J-32, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)). Moreover, a harm that has already occurred or danger that has now passed cannot justify skirting the three strike bar. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Plaintiff should not be excused from prepaying the filing fee under the imminent danger of serious physical injury exception. Plaintiff may attempt to argue that he should be excused from paying the filing fee because Defendants' method of providing him his medicine threatens to cause him physical pain. However, in a case in which Plaintiff asserted strikingly similar claims as those in this case, the Eleventh Circuit already rejected this argument. Baez v. Deborah Moore, et al., No. 12-10373-B (11th Cir. May 29, 2011). In that case, as in this case, Plaintiff alleged that he had been prescribed medication to alleviate chronic pain and that prison personnel effectively deprived him of this medication by mandating that it be crushed or dissolved in water prior to consumption. Id. at p. 2. This Court denied Plaintiff's motion to proceed *in forma pauperis* and dismissed Plaintiff's complaint without prejudice. Id. at pp. 2–3. Plaintiff acknowledged that he had accumulated at least three strikes for purposes of Section 1915(g), but argued that he had sufficiently alleged that he was in imminent danger of serious physical harm based on the ongoing consequences of the inadequate medical treatment. Id. at p. 3. In rejecting this line of reasoning, the Eleventh Circuit first pointed out that Plaintiff was

7

receiving some measure of medical treatment and that he did not allege that he was suffering from a life threatening injury. Id. at p. 4. Significantly, the Eleventh Circuit went on to explain,

> The only persistent complication or symptom alleged with any specificity was chronic and heightened pain. Increased pain, however, does not necessarily mean that Baez's underlying conditions were significantly worsening to the extent that Baez was confronted with imminent danger of serious physical harm. It also fails to show that any conceivable deterioration was connected in any way to the alleged events that transpired while he was confined at [the prison], which ostensibly consisted of a lack of pain medication, physical therapy, and consultation with an outside orthopedic specialist.

Id. at p. 5.

These salient holdings apply with equal force to the case at hand. Plaintiff admits that he is receiving medical care at Georgia State Prison. He simply takes issue with the form of that treatment, specifically, the manner in which he receives his pain medication. Moreover, while Plaintiff makes generalized allegations of pain, he does not allege that his conditions are worsening or that Defendant's actions otherwise pose an imminent danger of serious physical injury. For these reasons, Section 1915(g) prohibits Plaintiff from bringing this action without prepaying the filing fee. Therefore, Section 1915(g) bars Plaintiff from proceeding *in forma pauperis* in this case. Should Plaintiff choose to prosecute these claims while incarcerated, he must bring a separate action and pay the full filing fee.

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[5] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

---

[5]  A certificate of appealability is not required in this Section 1983 action.

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Additionally, Baez's status as a three-striker prevents him from filing an appeal *in forma pauperis* just as it prevents him from filing this action. Thus, the Court should **DENY** him *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis*, (doc. 2). Additionally, I **RECOMMEND** that the Court **DISMISS** this action **without prejudice** pursuant to 28 U.S.C. § 1915(g) and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and

9

Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 14th day of February, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA