IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ROBERTO BAEZ,

    Plaintiff,

v.

ROY SABINE; FNU SMITH; and FNU TOLBERT,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-170

## ORDER

Presently before the Court are Plaintiff's Objections, (doc. 5), to the Magistrate Judge's Report and Recommendation dated February 14, 2017, (doc. 4). Plaintiff has also filed pleadings labeled as a Motion to Amend/Correct Complaint, (doc. 6), and an "Amended Complaint," (doc. 7), which the Court construes as additional Objections to the Magistrate Judge's Report and Recommendation.[1] After an independent and *de novo* review of the entire record, the

---

[1] "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82). Although Plaintiff labeled his pleading as a "Motion to Amend/Correct Complaint" and submitted an "Amended Complaint" with that Motion, a review of those pleadings reveals that Plaintiff is simply reiterating his Objections to the Magistrate Judge's Report and Recommendation.

    First, Plaintiff's "Motion to Amend", (doc. 6), is identical to his concurrently filed Objection to the Magistrate Judge's Report and Recommendation, (doc. 5). Second, Plaintiff states no new factual allegations in his "Motion to Amend" or his "Amended Complaint." Instead, in his "Amended Complaint", Plaintiff first argues that the Magistrate Judge did not construe his Complaint liberally. (Doc. 7, pp. 1–4.) Next, Plaintiff reasserts his claim that he suffers from high blood pressure and explains the health risks associated with high blood pressure. (Id. at p. 4.) Plaintiff then cites Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004), to support his argument that he is in imminent danger of serious physical injury, and therefore, should be permitted to proceed *in forma pauperis* in this action. (Id. at pp. 5–7.) Finally, Plaintiff reasserts his argument that Defendants were deliberately indifferent to his serious

undersigned **OVERRULES** Plaintiff's Objections, **CONCURS** with the Magistrate Judge's Report and Recommendation, and **ADOPTS** the Report and Recommendation as the opinion of the Court.

## BACKGROUND

Plaintiff filed this cause of action pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement at Georgia State Prison in Reidsville, Georgia. (Doc. 1.) In his Complaint, Plaintiff alleges he suffers from a number of medical conditions that cause him chronic pain. (Id. at pp. 11–12.) To manage his pain, Plaintiff must take pain medication daily. "[P]rior [to] being transferred [to Georgia State Prison,] Plaintiff was incarcerated at Johnson State Prison where he did not have any problems with his pills." (Id. at p. 13.) During Plaintiff's incarceration at Johnson State Prison, his pain medication "was administered to him as directed by the label and [was] . . . 97 percent effective" to alleviate his pain. (Id.) However, upon his arrival at Georgia State Prison, Plaintiff received his medication in the form of a white powder. (Id.) Plaintiff avers that Defendant Sabine "adopted his own policy . . . concerning the medication . . . [which required] Defendant Smith [to] produce a white powder in a small plastic bag" instead of the pills Plaintiff received at Johnson State Prison. (Id.) Plaintiff maintains that Defendants expect "prisoners to accept . . . the white powder in the small plastic bag that nobody know[s] where it come from [sic]." (Id.) On November 30, 2015, after refusing to take pain medication in powder form, Plaintiff requested that Defendant Sabine provide him pain pills. (Id.) However, Plaintiff received no response to his request or any pain pills. (Id.) Although

---

medical needs. (Id. at pp. 7–10.) Plaintiff does not present any new facts, assert any new claims against Defendants, or seek to add any new claims against any new parties to this lawsuit through his "Motion to Amend" or within his "Amended Complaint." Accordingly, these pleadings are more appropriately classified as additional Objections to the Magistrate Judge's Report and Recommendation. Even if Plaintiff's Complaint can be considered amended through this pleading, his Complaint is still subject to dismissal for the reasons stated in the Magistrate Judge's Report and Recommendation and herein.

Defendant Smith continued to offer Plaintiff pain medication in powder form, "Plaintiff refused to take [the] white powder." (Id. at p. 15.) As a result, Plaintiff's health condition has deteriorated. (Id.)

Plaintiff further avers that when he requested to be sent to Augusta State Medical Prison for treatment, Defendant Tolbert became angry and changed Plaintiff's Zantac prescription to Prilosec. (Id. at p. 16.) In addition to Prilosec, Defendant Tolbert also prescribed Plaintiff a 14-day regimen of Tylenol 3 to manage his pain. (Id.) However, at the conclusion of that 14-day period, Defendant Tolbert and Defendant Smith discontinued Plaintiff's Tylenol 3 prescription. (Id. at p. 17.) Plaintiff alleges he now suffers from exacerbated pain, incapacitation, depression, loss of sensation and paralysis, and higher blood pressure. (Id.)

On February 14, 2017, Magistrate Judge R. Stan Baker recommended that the Court dismiss Plaintiff's Complaint, due to Plaintiff's accumulation of three strikes under 28 U.S.C. § 1915(g). (Doc. 4, p. 8.) Additionally, the Magistrate Judge denied Plaintiff's Motion to Proceed *in Forma Pauperis* after concluding that Plaintiff did not sufficiently allege he faced imminent danger of serious physical harm. (Id.) Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation on March 2, 2017. (Doc. 5.) Plaintiff filed an identical pleading labeled "Motion to Amend/Correct Complaint" on the same date, (doc. 6), as well as a pleading labeled "Amended Complaint" on March 15, 2017, in which he reiterates his Objections to the Report and Recommendation.

## DISCUSSION

In his Objections, Plaintiff contends the Magistrate Judge failed to liberally construe his Complaint, as required by Haines v. Kerner, 404 U.S. 519 (1972), and therefore, improperly

concluded that Plaintiff does not face an imminent danger of harm. Plaintiff presents these same arguments in his Motion to Amend and his "Amended Complaint", (docs. 6, 7).

As the Magistrate Judge discussed in the Report and Recommendation, a prisoner attempting to proceed *in forma pauperis* in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"). Pertinently, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit Court of Appeals has explained that "[t]his provision of the PLRA, 'commonly known as the 'three strikes' provision,' requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (quoting Lyon v. Krol, 127 F.3d 763, 764 (8th Cir. 1997)).[2] Dismissals for providing false filing-history information and failing to comply with court orders both fall under the category of "abuse of the judicial process", which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under Section 1915(g). See id. at 731 (dismissal for failure to disclose prior litigation is "precisely the type of strike that Congress envisioned when drafting section 1915(g)"); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process").

---

[2] The Eleventh Circuit upheld the constitutionality of Section 1915(g) in Rivera. In so doing, the Court concluded that Section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721–27.

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the "three strikes" provision in § 1915(g) must pay the entire filing fee[3] when he initiates suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

A review of Plaintiff's history of filings reveals that he has brought more than three civil actions or appeals which count as strikes under Section 1915(g): 1) Baez v. Gearinger, No. 5:00-cv-00023 (M.D. Ga. Mar. 21, 2000), ECF No. 4 (dismissing complaint as frivolous); 2) Baez v. Doe, No. 5:99-cv-00353 (M.D. Ga. Nov. 4, 1999), ECF No. 5 (dismissing action as frivolous); 3) Baez v. Miller, et al., 1:06-cv-01738 (N.D. Ga. Sept. 20, 2007), ECF No. 36 (dismissing action as frivolous for failure to state a claim); 4) Baez v. Lee, 1:90-cv-01942 (N.D. Ga. Nov. 20, 1990), ECF No. 3 (dismissing complaint as frivolous); 5) Baez v. Lee, 1:94-cv-01347 (N.D. Ga. Dec. 6, 1995), ECF No. 6 (same); 6) Baez v. Forrester, 1:98-cv-02126 (N.D. Ga. Nov. 6, 1998), ECF No. 8 (dismissal for failure to follow court order);[4] and 7) Baez v. Jackson, et. al, 6:16-cv-5 (S.D. Ga. Apr. 18, 2016), ECF No. 8 (dismissal for failure to disclose litigation history and

---

[3] The applicable filing fee is $400.00. "The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. A prisoner who is denied *in forma pauperis* status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed." Callaway v. Cumberland Cty. Sheriff Dep't, No. CIV. 14-4853 NLH, 2015 WL 2371614, at *1 (D.N.J. May 18, 2015); see also Owens v. Sec'y Fla. Dep't of Corr., Case No.: 3:15cv272/MCR/EMT, 2015 WL 5003649 (N.D. Fla. Aug. 21, 2015) (noting that the filing fee applied to cases in which a prisoner-plaintiff is denied *in forma pauperis* status is $400.00).

[4] While this cause of action was dismissed based on Plaintiff's failure to follow the orders of a court, the Eleventh Circuit has considered cases dismissed for this reason (or those representing an abuse of the judicial process) to be "strike-worthy". See Rivera, 144 F.3d at 731; Malautea, 987 F.2d at 1544. Even if the Court were to exclude this cause of action, Plaintiff has at least three strikes based on dismissals of other causes of action.

failure to allege imminent danger of serious physical injury concerning manner in which plaintiff is given pain medication).

Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under Section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g). "In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" Odum v. Bryan Cty. Judicial Circuit, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (quoting Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004))). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the Section 1915(g) exception. Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). Moreover, a harm that has already occurred or danger that has now passed cannot justify skirting the three strike bar. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, No. 06-0496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, No. CV306-527-J-32, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).

In his Objections, Plaintiff maintains that he has high blood pressure due to the withdrawal of his pain medication. (Doc. 7, p. 4.) Plaintiff maintains that "high blood pressure . . . can be a 'silent killer,'" and that he should, therefore, be granted *in forma pauperis* status under the imminent danger of serious physical injury exception. However, even accepting as true Plaintiff's allegation that he has developed high blood pressure as a result of the withdrawal of his pain medication, Plaintiff's Complaint reveals that he refuses to take the medication available to him and insists upon a different course of treatment. As noted above, "a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball, 2007 WL 484547, at *2. Moreover, Plaintiff has failed to explain how his high blood pressure presents a risk of <u>imminent</u> danger that may result in serious physical harm. See Brown v. Lyons, 977 F. Supp. 2d 475, 484 (E.D. Pa. 2013) (allegations of inadequate treatment of high blood pressure do not amount to imminent danger). Thus, the Magistrate Judge was correct to deny Plaintiff's Motion to Proceed *in Forma Pauperis* and to recommend dismissal of his Complaint. According to the record before the Court, Plaintiff has obtained at least three strikes under the PLRA and has not shown that he faces imminent danger of serious physical injury as a result of Defendants' actions. To the contrary, it is Plaintiff's own refusal to take the medication available to him that has caused any imminent danger to his health. Accordingly, the Court **OVERRULES** Plaintiff's Objections.

## CONCLUSION

For the reasons discussed above, the Court **OVERRULES** Plaintiff's Objections, (docs. 5, 6, 7), and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **DISMISSES** Plaintiff's Complaint, **without prejudice**, and **DENIES**

Plaintiff leave to appeal *in forma pauperis*. The Court **DIRECTS** the Clerk of Court to enter an appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 31st day of August, 2017.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA